### STROMBERG MOTOR DEVICES CO. v. PARKER.

(District Court, N. D. Illinois, E. D. April 28, 1913.)

No. 30,815.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—CARBURETER.

The Perkins patent, No. 731,218, for a vaporizer or carbureter, the prime object of which is to maintain a constant mixture of air and fuel, while not anticipated and valid, is entitled to only a narrow construction, and, as so construed, *held* not infringed.

In Equity. Suit by the Stromberg Motor Devices Company against Leonard A. Parker. On final hearing. Decree for defendant.

Brown & Williams, of Chicago, Ill. (Charles A. Brown, of Chicago, Ill., of counsel), for complainant.

Heidman & Street, of Chicago, Ill. (Hillary C. Messimer and A. M. Austin, both of New York City, of counsel), for defendant.

SANBORN, District Judge. Bill for infringement of patent 731,-218, issued to Oscar B. Perkins June 16, 1903, on a vaporizer or carbureter. The suit is defended by the manufacturers of defendant's device, L. V. Fletcher & Co., of New York.

As shown in the patent, the Perkins device is a mixing chamber to which air and gasoline are admitted by a spring-controlled valve located in the bottom of the chamber. Two spiral springs, one longer and lighter than the other, may be made to bear upon the top of the valve. Above the springs is a plate, whose position is regulated by a thumbscrew. Normally only the light spring bears on the valve, but both may be brought to bear, and their tension increased, by tightening the screw. Thus there is a two-spring adjustment governing the whole carbureter, while defendant uses a three-spring adjustment in an auxiliary air valve, which does not directly govern or control the fuel port. When the vacuum pull of the engine is exerted, the valve is raised, oil and air admitted and mixed, and furnished to the engine; the amount being regulated exclusively by the spring tension previously determined, and without using the common butterfly throttle valve.

The important specific question is the position of the oil port. This is shown by the drawing to be in the valve seat, so that the latter must open in order to get any oil vapor in the mixing chamber. De-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fendant contends that it must be so located to be within the spirit and object of the invention, but complainant insists the contrary.

It appears that the Perkins device has never been sold or used, except in an experimental way. In 1912 plaintiff had begun an infringement suit against Fletcher & Co. for infringement of the Goldberg patent of 1909, relating to a two-spring adjustment of an auxiliary air valve used with a carbureter. That suit was dismissed by plaintiff, because it was found that a similar adjustment was used in the Peerless car of 1906. Complainant then purchased the Perkins patent for $250, and brought this suit. It seems that, if defendant infringes the Perkins patent by its three-spring adjustment of the auxiliary air valve, complainant must, in like manner, have infringed the Perkins structure by the Goldberg device, prior to its purchase of the former. At the time the patent issued, Perkins was in the motor boat business, but went into the automobile business in 1909.

Defendant's carbureter is in appearance quite a different thing from Perkins.' It uses two fuel ports and one air inlet in its main port, and a three-spring adjustment to govern a second air inlet as an auxiliary. The latter is substantially the same as the Perkins device, omitting the fuel port. Complainant insists that the three-spring adjustment of the auxiliary air valve, together with the secondary fuel port in defendant's carbureter, are an equivalent to Perkins. Defendant must use the ordinary butterfly throttle, while the Perkins valve may be used with or without this.

Perkins' invention has had no influence on, and never was used in, the automobile carbureter art. It should not rightfully be allowed to dominate that art, unless infringement is clear. From the specifications, drawing, and patent claims the idea is apparent of a device in which the valve governs both air and fuel inlets, and keeps the mixture of the air and gasoline at a constant ratio. To use the inventor's own words:

"The prime object of the present invention is to provide a vaporizer in which the ratio of the air and fuel in the explosive mixture will remain the same."

His drawing shows the same condition by locating the fuel port in the valve seat. Defendant does not use the "constant mixture" method, nor locate its secondary fuel port in the valve seat of its auxiliary. Unless the patent claim and description are to be given a pretty liberal construction, it does not infringe.

This is not a case for liberal interpretation. The patent has earned no such position. The patentee uses a vague term in his claims, and cannot complain if his description narrows that term. He claims a vaporizer, comprising a shell having air and oil supplies and a valve coacting therewith, two springs, and means for bringing one or both into action to resist the opening of the valve. The term "coacting therewith" is as vague as possible; but the specifications and drawings show its meaning to be "governing" or "commanding"; so that neither oil nor air can enter unless the valve is open. On the patentee's own construction there is no infringement, because the three-spring adjustment of defendant's auxiliary valve does not gov-

ern either one of its fuel ports. It does, indeed, seem to coact with them; so do the rubber-tired wheels of the car on which they are placed. Nor is there infringement for another reason—that defendant does not maintain a constant mixture of air and fuel. This is declared by the patentee to be the prime object of his invention.

The Perkins patent may easily be held valid. It was not anticipated by the Allman or Burger patents, or any other prior device, and possesses utility and merit.

Infringement not being shown, the bill is dismissed.